[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by defendant-appellant Ronald Girton ("Girton") from a judgment of the Bellefontaine Municipal Court finding him guilty of improper backing and leaving the scene of an accident.
On April 13, 1998, Girton was backing out of an angled parking space in Bellefontaine. While backing, Girton's vehicle struck another vehicle. Girton then left the scene of the accident. A witness reported the accident to the police and provided the officer with Girton's license plate number. The officer then went to Girton's home and questioned him about the accident. The officer issued a citation to Girton for improper backing, violating Bellefontaine City Ordinance 331.13, and leaving the scene of an accident, violating Bellefontaine City Ordinance 335.12.
On April 21, 1998, Girton entered pleas of not guilty to both charges. On June 8, 1998, a bench trial was held. The trial court found Girton guilty of both counts. Girton was sentenced to fines of $150.00 for leaving the scene, $25.00 for improper backing, and was assessed court costs. It is from this judgment that Girton appeals.
Girton makes the following assignment of error.
 The trial court erred when it returned a verdict of guilty as to the charge of leaving the scene of an accident pursuant to Bellefontaine City Ordinance 335.12.
When reviewing a criminal conviction, the court's examination of the record is limited to determining if evidence was presented, which, if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274, 574 N.E.2d at 507.
Here, the trial court heard the testimony of an impartial witness that Girton stopped the truck after he struck the other automobile and hesitated before he left the scene. The officer testified that based upon the amount of damage to the automobile and the truck, he believed Girton must have known there was an accident. In addition, Girton testified that he felt a vibration that he later realized must have been the impact. Based upon this evidence, the trial court could reasonably conclude that Girton had knowledge that an accident had occurred. Therefore, the assignment of error is overruled.
The judgment of the Bellefontaine Municipal Court is affirmed.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.